UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

ANTHONY PEREZ,
an Individual

    Plaintiff,

v.

HOMESMART SERVICES, LLC,
a Foreign Limited Liability Company

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY PEREZ ("Mr. Perez" or "Plaintiff") files this Complaint against Defendant, HOMESMART SERVICES, LLC, ("HOMESMART" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq.*

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his ADA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant remotely from his home in Hillsborough County, Florida, and this venue is therefore proper.

6. Defendant is a Foreign Limited Liability Company that is located and does business in, among others, Hillsborough County, Florida, and is therefore within the jurisdiction of the Court.

7. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability," and his request for reasonable accommodation.

8. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

9. On or around February 16, 2023, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

10. More than 180 days have passed since the filing of the Charge of Discrimination.

11. On or around August 25, 2023, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. Mr. Perez worked for HOMESMART, most recently as a Recruiter from February 4, 2020, until his unlawful termination on or around October 24, 2022.

15. During his tenure, Mr. Perez was an excellent employee, who had no significant history of non-disability related attendance, performance, or disciplinary issues.

16. Unfortunately, Mr. Perez suffers from anxiety disorder which is considered a "protected disability" under the ADA/FCRA. See 42 U.S.C. § 12102.

17. Throughout his employment, Mr. Perez disclosed his disability to various HOMESMART Supervisors and Managers including but not limited to: Ille Van England, Jeremey Porter, Fredy Rodriguez, Zack Cramer, and Jayme Devary.

18. Despite having various conversations with these individuals about his disability, HOMESMART management never informed Mr. Perez about any of disability/health benefits available to him.

19. To make matters worse, during Mr. Perez's tenure, Operations Manager Broker, Jeremey Porter ("Mr. Porter"), subjected him to constant abuse, harassment, and engaged in unethical business practices.

20. This behavior by upper management exacerbated Mr. Perez's disabilities, and made his work environment unbearable.

21. Unable to withstand the harassment, in August 2022, Mr. Perez objected to Vice President, Ille van Engelen ("Mr. Van Engelen"), that Mr. Porter's conduct was harassing and had a negative effect on his mental health, which Mr. Porter was aware of.

22. Mr. Perez's objections constitute "protected activity" under the ADA/FCRA.

23. While a quick investigation led Mr. Porter to resign his employment, now Mr. Van Engelen set his sights on our client, end began retaliating against him due to his objections to disability discrimination.

24. By October 2022, after enduring weeks of harassment at the hands of Mr. Van Engelen, Mr. Perez's anxiety was exacerbated to near-unbearable levels.

25. As such, on October 17, 2022, Mr. Perez requested and was approved for, paid time off to treat his disabilities and get his anxiety flare-ups under control.

26. On October 24, 2022, the very day he returned from leave, Mr. Van Engelen fired Plaintiff, effective immediately.

27. When Mr. Perez asked why he was being fired, Mr. Van Engelen mentioned "performance," but failed to give any specific examples.

28. Mr. Perez's disability and request for accommodation/leave were seen as problematic to HOMESMART managers, and they believed the solution was to simply force him out.

29. Any other reason theorized by HOMESMART is mere pretext.

30. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job as a Business Development Manager

31. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and need for a brief time off as an accommodation under the ADA/FCRA.

32. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

33. The timing of Plaintiff's termination makes the causal connection between his use of reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

34. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

35. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

36. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

37. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

38. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

39. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

40. Defendant did not have a good faith basis for its actions.

41. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

42. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

43. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

44. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 44, above.

46. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

47. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

48. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

49. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

50. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

51. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs

and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 44, above.

53. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

54. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

55. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

57. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

58. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 44, above.

59. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for/utilization of reasonable accommodation.

60. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

61. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

62. Plaintiff's protected activity, and his termination, are causally related.

63. Defendant's stated reasons for Plaintiff's termination are a pretext.

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT

## **BASED ON DISABILITY**

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, above.

69. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

70. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

71. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

72. Plaintiff's protected activity, and his termination, are causally related.

73. Defendant's stated reasons for Plaintiff's termination are a pretext.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

76. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

*(Remainder of page left intentionally blank)*

DATED this 27th day of October 2023.

                                                Respectfully Submitted,

                                                **By: */s/ Noah Storch***
                                                Noah E. Storch, Esq.
                                                Florida Bar No. 0085476
                                                RICHARD CELLER LEGAL, P.A.
                                                10368 W. SR 84, Suite 103
                                                Davie, Florida 33324
                                                Telephone: (866) 344-9243
                                                Facsimile: (954) 337-2771
                                                E-mail: noah@floridaovertimelawyer.com